■ JOHN P. MONTESANO, Plaintiff, v. VINCENT A. MONTESANO et al., Appellants. LUDWIG J. ABRUZZO, Receiver-Respondent.— In a stockholder's action to recover damages for waste, defendants appeal from an order of the Supreme Court, Suffolk County, entered July 13, 1973 and made after a

hearing, which approved the account of respondent as temporary receiver and fixed his commissions, inclusive of disbursements, at $39,821.32. Order modified, on the law and the facts, (1) by striking from the first decretal paragraph thereof the word "approved" and substituting therefor the words "modified, and as so modified"; (2) by reducing the sums of $39,821.32 and $32,321.32 set forth in the second decretal paragraph thereof to $20,000 and $12,500, respectively; (3) by adding in the third decretal paragraph, after the word "retain", the following: "$12,500 out of"; (4) by striking the fourth decretal paragraph thereof and substituting in its place the following: "ORDERED that the receiver, after retaining the aforesaid $12,500, shall forthwith release to the full possession of defendants the balance of the funds presently on deposit in savings account #21312 of the Baldwin-Bellmore Federal Savings and Loan Association and it is further"; and (5) by striking the fifth decretal paragraph thereof and substituting in its place the following: "ORDERED in the event that the defendants herein or the temporary receiver fail to comply with any terms of the Order, they or he may apply for such further relief as to the Court may seem proper." As so modified, order affirmed, without costs. In our opinion, the commissions fixed in the order under review were excessive to the extent indicated herein. Moreover, by an order of discharge made by the Supreme Court, Suffolk County, on March 14, 1973, the temporary receiver was directed to release to the full possession of defendants all of defendants' banking accounts, including checking accounts, upon which he was a signatory, except the savings account in the Baldwin-Bellmore Savings and Loan Association, which was directed to be released to defendants after payment of the receiver's commissions pursuant to CPLR 8004 when fixed by the court. In view of our reduction hereinabove of the receiver's commissions, the present balance in that account exceeds the sum of $12,500 now owing to him. Consequently, our modification of the order under review includes an appropriate provision with regard thereto. Gulotta, P. J., Hopkins, Martuscello, Latham and Brennan, JJ., concur.